WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP
Don Springmeyer, NV Bar No. 1021
Jordan Butler, NV Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120
Tel.: 702.341.5200; Fax: 702.341.5300
dspringmeyer@wrslawyers.com
jbutler@wrslawyers.com

Kristi C. Kelly (*pro hac vice*)
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Tel.: 703.424.7570; Fax: 703.591.0167
kkelly@kellyandcrandall.com

E. Michelle Drake (*pro hac vice*)
John G. Albanese (*pro hac vice*)
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999; Fax: 612.584.4470
emdrake@bm.net
jalbanese@bm.net

*Attorneys for Plaintiff*
*Counsel for Defendant listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK INSCHO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 2:18-cv-00790-MMD-VCF<br><br>**LR 26-1 DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff Patrick Inscho ("Plaintiff") and Defendant Equifax Information Services, LLC ("Defendant") (collectively, the "parties") by and through their counsel submit the

1  following Stipulated Discovery Plan and Proposed Scheduling Order pursuant to Fed. R.
2  Civ. P. 26(f) and LR 26-1(b).

3  Pursuant to LR 26-1(a), the parties note that the following proposed discovery plan
4  deviates from LR 26-1(b)'s applicable deadlines, and thus the parties request special
5  scheduling review. The parties have proposed longer or different time periods due to the
6  complexity of this litigation and the scope and detail of the electronic discovery
7  contemplated by the parties. To explain further, this is one of several putative class
8  actions filed in various states related to Defendant Equifax Information Services, LLC
9  ("Equifax") reporting of public records, including tax liens and civil judgments. Equifax
10 and representatives from the various lawsuits, including this one, have scheduled a two-
11 day mediation on August 2 and 3, 2018, in Boston in front of nationally prominent and
12 well-respected mediator Professor Eric Green. The proposed schedule accounts for the
13 fact that the parties are mediating this matter at the outset of the litigation in this matter
14 (some of the cases in other jurisdictions are more advanced).

15 Further, Plaintiff contends that a significant aspect of discovery in this case will be
16 what information, if any, Equifax will produce from its consumer databases related to
17 consumers with reported Nevada public records. Equifax contends, on the other hand,
18 that Plaintiff is required to obtain documentation from the relevant government entities to
19 support his class allegations before Equifax undertakes the time-consuming and
20 burdensome task of searching its databases for documents that are not reasonably
21 accessible (if they exist at all) and are of arguable relevance or utility in this case.
22 Nevertheless, the parties are discussing whether they can reach an amicable compromise
23 regarding the timing and sequencing of Plaintiff's production of relevant government
24 records and Equifax's production of information from its consumer databases. The parties
25 anticipate that discussions and negotiations regarding database discovery could be
26 lengthy. Further, the parties have agreed that any issues related to data discovery which

27

28

are not capable of voluntary resolution should be presented to the Court for resolution soon after the parties reach impasse.

### **DISCOVERY PLAN & PROPOSED SCHEDULE**

1) Initial Disclosures. The parties will exchange initial disclosures on or before August 6, 2018.

2) Scope of Discovery.

**Plaintiff**: Plaintiff alleges that Defendant inaccurately reported the status of a state tax lien as unpaid when it had been satisfied. This case is one of several throughout the country challenging Defendant's systemic issues in reporting public records information. These cases have all been brought on a state-by-state basis. Defendant does not collect public record information directly from the courthouses, county recorders, or other government sources but instead relies on a third-party vendor that frequently provides inaccurate, out-of-date, or stale information. Plaintiff anticipates discovery regarding the identity of the members of the putative class and the Rule 23 factors, Defendant's policies and procedures with respect to the Fair Credit Reporting Act ("FCRA") provisions at issue and the reporting of public record information, and the willfulness of Defendant's alleged violations. Plaintiff also anticipates third-party discovery to state-based entities which maintain public records, as well as to Defendant's third-party data provider(s). Through data from Defendant, Defendant's vendors, and/or state record repositories, the putative class alleged in Plaintiff's complaint can be identified and ascertained. *See Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183 (E.D. Va. 2015) (certifying class of Virginia consumers who alleged that credit reporting agency failed to use reasonable procedures in updating civil judgment information).

**Defendant**: Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintains reasonable procedures to assure

maximum possible accuracy in its reporting of public records in Nevada.  Equifax disagrees with Plaintiff's contention that the putative class in this case can be certified under Rule 23 of the Federal Rules of Civil Procedure and consistent with due process.  Equifax contends that this case is not analogous to *Soutter v. Equifax Info. Servs., LLC,* 307 F.R.D. 183 (E.D. Va. 2015), and that in any event, the *Soutter* case was wrongly decided.

Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in his Complaint.  Equifax further denies that this case is susceptible to class wide treatment.

Equifax bases this statement on the facts currently available to it.  In making this statement, Equifax does not waive any defenses and reserves the right to supplement this statement as this case and the facts develop.

3) Discovery Plan and Case Schedule.

(a) Defendant answered on June 5, 2018.  The parties propose a discovery cut-off date of June 7, 2019.

(b) Deadline to amend pleadings to add parties or claims: March 4, 2019.

(c) The parties will disclose any experts for issues on which the party has the burden of proof on or before March 4, 2019.  Rebuttal experts will be disclosed on or before April 4, 2019.

(d) The parties will meet and confer regarding database discovery and ESI issues and present a status report on or before September 21, 2018 regarding the status of database discovery negotiations and setting forth any issues for which court resolution may be necessary.

(e) Plaintiff's motion for class certification shall be filed on or before June 14, 2019.  Defendant's response shall be filed by July 12, 2019.  Plaintiff's reply shall be filed by August 2, 2019.

(f) Any summary judgment motions shall be filed on or before June 14, 2019. Responses shall be filed by July 12, 2019. Replies shall be filed by August 2, 2019. The parties propose that all other deadlines be set after the Court rules on Plaintiff's motion for class certification.

4) ESI Discovery. The parties have discussed ESI production and preservation issues. The parties will continue to discuss these issues with respect to database discovery.

5) Privilege. The parties have discussed privilege issues and the parties proposed protective order (discussed below) will address privilege issues.

6) Discovery Limitations. The parties do not believe that there is a need for any modification to the discovery limitations set forth in the Federal Rules of Civil Procedure.

7) Other Orders Requested. The parties are negotiating a protective order pursuant to Fed. R. Civ. P. 26(c) for the production of confidential information and addressing privilege issues. The parties anticipate submitting an order for the Court's review shortly.

8) Alternative Dispute Resolution. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes. As discussed above, the parties are scheduled to be mediation on August 2 and 3, 2018 with mediator Professor Eric Green.

9) Alternative Forms of Case Disposition. The parties certify that they conferred about, and considered, consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), and agreed that neither party consents to either.

10) Electronic Evidence. The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.

Date: July 19, 2018         /s/E. Michelle Drake
                            E. Michelle Drake (*pro hac vice*)
                            BERGER & MONTAGUE, P.C.

                            *ATTORNEYS FOR PLAINTIFF*


Date: July 19, 2018         /s/Meryl L. Roper
                            Zachary A. McEntyre*
                            Meryl L. Roper*
                            John G. Toro*
                            KING & SPALDING LLP
                            1180 Peachtree St., NE
                            Atlanta, GA 30309
                            Tel. 404.572.4600
                            Fax 404.572.5100
                            zmcentyre@kslaw.com
                            mroper@kslaw.com
                            jtoro@kslaw.com

                            Katherine M. Stein*
                            KING & SPALDING LLP
                            500 W. 2nd Street, Suite 1800
                            Austin, TX 78701
                            Tel. 512.457.2000
                            Fax: 512.457.2100
                            kstein@kslaw.com

                            *admitted *pro hac vice*

                            Bradley T. Austin, NV Bar No. 13064
                            SNELL & WILMER LLP
                            3883 Howard Hughes Pkwy., Suite 1100
                            Las Vegas, NV 89169
                            baustin@swlaw.com

                            *ATTORNEYS FOR DEFENDANT*

IT IS SO ORDERED:

_____
Hon. Cam Ferenbach
UNITED STATES MAGISTRATE JUDGE

Dated: 7/20/2018