WOLF, RIFKIN, SHAPIRO, SCHULMAN
& RABKIN, LLP
Don Springmeyer, NV Bar No. 1021
Jordan Butler, NV Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, NV 89120
Tel.: 702.341.5200; Fax: 702.341.5300
dspringmeyer@wrslawyers.com
jbutler@wrslawyers.com

Kristi C. Kelly (*pro hac vice*)
KELLY & CRANDALL, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Tel.: 703.424.7570; Fax: 703.591.0167
kkelly@kellyandcrandall.com

E. Michelle Drake (*pro hac vice*)
John G. Albanese (*pro hac vice*)
BERGER & MONTAGUE, P.C.
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612.594.5999; Fax: 612.584.4470
emdrake@bm.net
jalbanese@bm.net

*Attorneys for Plaintiff*
*Counsel for Defendant listed on Signature Page*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICK INSCHO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 2:18-cv-00790-MMD-VCF<br><br>**STATUS REPORT ON DATABASE DISCOVERY AND ESI ISSUES** |

Plaintiff Patrick Inscho ("Plaintiff") and Defendant Equifax Information Services,

LLC ("Defendant") (collectively, the "parties") by and through their counsel submit this

status report on database discovery and ESI issues pursuant to the scheduling order in this case.  (ECF No. 27 at 4).

**Plaintiff's Position**: The case alleges that Defendant systematically failed to timely update Nevada public records included on Defendant's credit reports, resulting in tax liens and civil judgments being reported as outstanding when in fact they were satisfied.  Equifax does not go to the courthouse or relevant governmental agency to collect and update public records.  Instead, it purchases public records from data vendor LexisNexis.  While some of the public records are never updated in Equifax's system, many records are eventually updated, albeit many months after the lien or judgment has been released, expunged, vacated, or otherwise satisfied.  Plaintiff seeks to represent a class of all consumers who had an inaccurate Nevada public record on a credit report that was not timely updated by Equifax.  In *Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183 (E.D. Va. 2015), the court certified a class of Virginia consumers who alleged that the credit reporting agency failed to use reasonable procedures in updating civil judgment information.

A significant issue in this case will be determining what data Equifax should produce on putative class members.  Plaintiff has served requests for production setting forth what specific information Plaintiff would like produced regarding individual class members.  Defendant has asserted that such production would be burdensome but has not provided any specifics regarding the purported burden or clarified what information is exportable from Defendant's systems.  The parties have met and conferred on multiple occasions but little progress has been made.

The primary roadblock is Defendant's failure to be forthright and collaborative in providing information regarding Defendant's databases.  *See Kelley v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00856-RCJ, 2014 WL 6474026, at *3 (D. Nev. Nov. 19, 2014) (noting "the paramount goals of transparency, collaboration, and efficiency" and

promotion of "open and forthright information sharing to facilitate cooperative, collaborative, transparent discovery").  To obtain the relevant information regarding the information contained in Defendant's systems and the ability to export that information, Plaintiff has noticed a limited Rule 30(b)(6) deposition and Rule 30(b)(1) depositions of Defendant's technical personnel for October.  Plaintiff requests that the Court order that such depositions be completed by the end of October.

Defendant has proposed that Plaintiff be required to obtain the public records from the relevant government entities, then provide it to Defendant *before* Defendant produces any data regarding putative class members.  This proposal is unacceptable for at least three reasons.  First, because many public records are eventually updated, albeit belatedly, Defendant should be able to identify class members from the data Defendant already has in its system.  Second, and more importantly, Defendant's proposal does not resolve the issues regarding the capabilities of Defendant's systems to export the requested data into a usable format.  Third, in this scenario, Defendant may be tempted to scrub the data it would be required to produce to reduce potential liability for these claims.

Thus, Plaintiff request the Court order that the database depositions be completed by October, and that the parties submit another status report by November 9, 2018. Plaintiff further requests that the Court schedule a discovery conference for mid-November so that the parties can identify any as-yet unresolved issues and work with the Court to plan to expeditiously resolve those issues.

**Defendant's Position:**

Plaintiff is incorrect that Equifax systematically failed to timely update Nevada public records.  And, for many reasons, the Court's ruling in *Souter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183 (E.D. Va. 2015) is inapposite, including due to the different manner in which public records are maintained and stored by the various government entities.

As explained in the Discovery Plan and Proposed Scheduling Order filed with the Court on July 19, 2018 (Doc. 26), and in Equifax's discovery responses, to pursue class treatment, Plaintiff has the burden to obtain public records—specifically, Nevada tax lien disposition data—from the relevant government entities.  Plaintiff has not disputed this. And unless and until Plaintiff carries that burden—which he has not done to date— Equifax should not be required to embark on the time-consuming, costly, and burdensome task of searching through its archived data for a voluminous amount of information that is not reasonably accessible (if it is available at all) and that is not probative absent the underlying tax lien disposition data.  Moreover, Plaintiff's suggestion that Equifax might "scrub" its data to reduce its liability in this case is as baseless as it is counterproductive.

Contrary to Plaintiff's suggestion, Equifax has engaged in multiple discussions with Plaintiff's counsel regarding (among other things) the limitations on its ability to search its archived data in the manner proposed by Plaintiff.  The most recent of those discussions just occurred on September 20, 2018.  Equifax's counsel has explained to Plaintiff's counsel that there are significant limitations on the company's ability to do what Plaintiff proposes, but that counsel nonetheless is willing and ready to continue engaging in discussions with Plaintiff's counsel to determine what progress can be made before burdening the Court with unnecessary discovery disputes.

Equifax has also engaged in discussions with Plaintiff regarding his request for information pertaining to Nevada tax lien dispositions in Equifax's possession—a matter Plaintiff raised in writing on September 17, 2018 and which the parties discussed as recently as September 20.  Those discussions are ongoing in nature.

In short, Plaintiff's assertion that Equifax has failed to be "forthright and collaborative"—and that "little progress" has been made—is incorrect.

Finally, Equifax is in the process of reviewing the deposition notices Plaintiff served on September 17, 2018, and will work with Plaintiff regarding the timing and

1  scope of any depositions.  The parties have not reached any impasse with regard to the

2  depositions Plaintiff has noticed, so it is premature for Plaintiff to seek judicial

3  intervention regarding the scheduling of those depositions at this time.

4

5

6

7  Date:   September 21, 2018            /s/John G. Albanese

8                                       John G. Albanese (*pro hac vice*)
                                         BERGER MONTAGUE PC

9                                        *ATTORNEYS FOR PLAINTIFF*

10

11
   Date:   September 21, 2018            /s/John C. Toro
12                                       Zachary A. McEntyre*
                                         Meryl W. Roper*
13                                       John C. Toro*
                                         KING & SPALDING LLP
14                                       1180 Peachtree St., NE
                                         Atlanta, GA 30309
15                                       Tel. 404.572.4600
                                         Fax 404.572.5100
16                                       zmcentyre@kslaw.com
                                         mroper@kslaw.com
17                                       jtoro@kslaw.com
18
                                         Katherine M. Stein*
19                                       KING & SPALDING LLP
                                         500 W. 2nd Street, Suite 1800
20                                       Austin, TX 78701
                                         Tel. 512.457.2000
21                                       Fax: 512.457.2100
                                         kstein@kslaw.com
22
                                         *admitted *pro hac vice*
23
                                         Bradley T. Austin, NV Bar No. 13064
24                                       SNELL & WILMER LLP
                                         3883 Howard Hughes Pkwy., Suite 1100
25                                       Las Vegas, NV 89169
26

27

28                              -5-        Case No. 2:18-cv-00790-MMD-VCF
   STATUS REPORT ON DATABASE DISCOVERY AND ESI ISSUES

1

baustin@swlaw.com

2

*ATTORNEYS FOR DEFENDANT*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28